# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

───────

No. 19-60753

───────

In re: CHRISTOPHER DESHANE BENOMAN,

                Movant

───────

Motion for an order authorizing
the United States District Court for the
Northern District of Mississippi to consider
a successive 28 U.S.C. § 2254 application

───────

Before DAVIS, STEWART, and OLDHAM, Circuit Judges.

PER CURIAM:

    Christopher Deshane Benoman, Mississippi prisoner # 154314, seeks authorization to file a second or successive 28 U.S.C. § 2254 application challenging his 2009 Mississippi guilty-plea conviction of two counts of lustful touching of a child. Benoman is serving a 15-year term in prison imposed by the Mississippi court upon revoking Benoman's supervised release term for the 2009 conviction.

    A prisoner seeking to file a second or successive § 2254 application must apply for leave to do so from this court. 28 U.S.C. § 2244(b)(3)(A). A claim that was presented in a prior application shall not be considered. § 2244(b)(1). To obtain authorization for a claim that was not presented in a previous application, the applicant must make a prima facie showing that either (1) the claim relies on a new, previously unavailable rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court, or

Case: 19-60753   Document: 00515393625   Page: 2   Date Filed: 04/23/2020
Case: 4:19-cv-00102-DMB-RP Doc #: 10 Filed: 04/23/20 2 of 4 PageID #: 63

No. 19-60753

(2) the factual predicate for the claim could not have been found previously through due diligence and the underlying facts, if proven, would establish by clear and convincing evidence in light of the evidence as a whole that, but for constitutional error, no reasonable trier of fact would have convicted the prisoner of the underlying offense. § 2244(b)(2), (3)(C).

Benoman argues that his medication and treatment at the time of the rearraignment left him confused, the factual basis lacked sufficient evidence to support his plea, there were unpresented material facts regarding his plea, his guilty plea was unknowing and involuntary, counsel coerced him to plead guilty, there were *Brady* and *Napue* violations in the proceedings, there were "improper opening statements and [a]llusion to hearsay," the state court erred in concluding that he was competent to plead guilty, he was questioned as if on trial, he was subjected to double jeopardy, the only evidence of his guilt was hearsay, and there were undefined discovery violations. Additionally, Benoman avers that counsel performed ineffectively by failing to file a motion to suppress, properly investigate the matter, seek a psychiatric examination and further discovery, and file a notice of appeal.

To the extent that Benoman raises claims that were presented in his initial § 2254 application, we will not consider them. *See* § 2244(b)(1). To the extent that he raises new claims, he does not argue that the claims rely on a new rule of constitutional law. Although he briefly refers to new evidence regarding his financial situation, he briefs no argument as to how facts arising from this financial situation, if proven and viewed in light of the evidence as a whole, would clearly and convincingly establish that no reasonable factfinder would have him guilty absent constitutional error. *See* § 2244(b)(2)(B)(ii).

Benoman additionally contends that he is entitled to file a successive § 2254 application because he is actually innocent of the offenses. Even if we

Case: 19-60753      Document: 00515393625     Page: 3     Date Filed: 04/23/2020
Case: 4:19-cv-00102-DMB-RP Doc #: 10 Filed: 04/23/20 3 of 4 PageID #: 64

No. 19-60753

assume arguendo that an actual innocence claim may serve as a gateway to raise successive claims without satisfying the requirements of § 2244(b)(2), Benoman offers no new evidence showing that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995) (quote at 327); *see also McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013). Moreover, on federal habeas review, we do not recognize freestanding actual innocence claims, to the extent Benoman seeks to raise one. *See In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009).

IT IS ORDERED that Benoman's motion for authorization to file a successive § 2254 application is DENIED. Benoman twice before has sought authorization from this court to file a successive § 2254 application to pursue similar claims. We previously cautioned him that future frivolous or repetitive requests for such authorization might result in the imposition of sanctions. Because Benoman has failed to heed this warning, a monetary SANCTION of $100 is IMPOSED. Benoman is CAUTIONED that future frivolous, repetitive, or otherwise abusive challenges to his conviction or sentence in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any other court subject to this court's jurisdiction. Benoman is further CAUTIONED that he should review any pending appeals and actions and move to dismiss any that are frivolous.



A True Copy
Certified order issued Apr 23, 2020

*Tyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

April 23, 2020

Mr. David Crews
Northern District of Mississippi, Greenville
United States District Court
911 Jackson Avenue
Oxford, MS 38655

    No. 19-60753   In re: Christopher Benoman
                      USDC No. 4:19-CV-102

Dear Mr. Crews,

Enclosed is a copy of the judgment issued as the mandate.

                            Sincerely,

                            LYLE W. CAYCE, Clerk

                            By: _____
                            Charles B. Whitney, Deputy Clerk

cc w/encl:
    Mr. Christopher Deshane Benoman